835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph A. FAUSTO, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1494.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before EDWARD S. SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The order of the United States Claims Court, Fausto v. United States, No. 779-86C (Cl.Ct. filed June 12, 1987) (Nettesheim, J.), dismissing, as precluded from judicial review by the Military Personnel and Civilian Employee's Claims Act (MPCECA), 31 U.S.C. Sec. 3721 (1982), Joseph A. Fausto's (Fausto) claim for monetary compensation resulting from damages incurred to his personal automobile while on official business for the United States Department of the Interior, is affirmed.
 
 OPINION
 
 2
 The Claims Court dismissed Fausto's claim for money damages on grounds that the MPCECA precluded judicial review of Interior's decision denying his claim. Analyzing the plain language of the statute and the legislative history of the MPCECA, the Claims Court concluded that Congress did not intend to permit judicial review on claims governed by the MPCECA. We agree with this conclusion by the Claims Court and we affirm the Claims Court's order on the basis of the reasoning set forth therein.
 
 
 3
 In addition to our reliance on the Claims Court's opinion as grounds for our affirming its order, we are bound by case law of our predecessor court to reach this same result. The Court of Claims, in Shull v. United States, 228 Ct.Cl. 750 (1981), expressly held that 31 U.S.C. Sec. 242, now 31 U.S.C. Sec. 3721(k), precludes judicial review of agency decisions made under the MPCECA. We are compelled, by our decision in South Corporation v. United States, 690 F.2d 1368, 1369-71 (Fed.Cir.1982), to follow this precedent. Accordingly, on the basis of the Court of Claims' holding in Shull and of the analysis and reasoning of the MPCECA set forth by the Claims Court, we affirm the order of the Claims Court dismissing Fausto's claim.